IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| LAKEIIA MOORE,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **CJ-2021-01889** |
| CONNEXIONS LOYALTY<br>ACQUISITION LLC,<br>Defendant. | )<br>)<br>)<br>) | ATTORNEY LIEN CLAIMED |

DISTRICT COURT
F I L E D
JUN 29 2021
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

KELLY M. GREENOUGH

## PETITION

COMES NOW Lakeiia Moore ("Moore"), by and through her attorneys of record Howard Berkson and Jakob R. Lancaster of Boston Avenue Law PLLC, and for her Petition against Connexions Loyalty Acquisitions, LLC ("Defendant"), alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Moore is an individual residing in Tulsa County, Oklahoma.

2. Defendant Connexions Loyalty Acquisition, LLC is a foreign limited liability company registered to do business in Oklahoma.

3. Venue is proper in Tulsa County pursuant to Article 9, Section 43 of the Oklahoma Constitution, because Moore resides in Tulsa County and because Moore's cause of action arose in Tulsa County.

4. Moore was an employee of Defendant at all times relevant to this suit.

5. This is a case arising from Defendant's interference with and retaliation against Moore for taking leave from work pursuant to the Family Medical Leave Act of 1993 ("FMLA").

6. The subject matter of this case is within the broad jurisdiction of Oklahoma District Courts.

### FACTS

7. All previous paragraphs are reasserted and incorporated herein.

8. On 10 July, 2020, Moore was sent home after Defendant learned she had symptoms of COVID-19.

9. When Moore was sent home, Defendant told her to get tested for COVID-19.

10. Moore complied, and was tested 14 July, 2020.

11. On 24 July, 2020, Moore received the results of her COVID-19 test. She was positive for COVID-19.

12. Moore's symptoms were severe, and she was bedridden for more than three (3) consecutive days.

13. Moore's case of COVID-19 was a serious health condition as defined in FMLA.

14. During the course of her bout with COVID-19, Moore called Erin (Defendant's human resources manager, whose last name is unkown) daily to keep Defendant updated on her status.

15. On 27 July, 2020, Moore applied for FMLA medical leave according to Defendant's usual procedures.

16. On 28 July, 2020, Erin instructed Moore to get tested again.

17. On 29 July, 2020, Moore was tested a second time.

18. On 30 July, 2020, the results of the second test came back negative.

19. On 1 August, 2020, Moore sent the results of her second test to Erin.

20. On 4 August, 2020, Erin contacted Moore and instructed her to report back to work the next day.

21. On 5 August, 2020, Moore returned to work.

22. When Moore returned to work, she was given a questionnaire to complete. The purpose of the questionnaire was to determine if any employees were experiencing symptoms of COVID.

23. Despite her negative test result, Moore was still suffering from a cough at the time.

24. Moore answered the questionnaire honestly.

25. After Moore handed in her questionnaire, she was called into Tonya Marbury's (a management-level employee of Defendant whose exact position and title are unknown) office for a meeting.

26. At the ensuing meeting, management-level employees of Defendant (including Tonya Marbury and Erin) berated Moore for returning to work with a cough, even though she tested negative for COVID-19.

27. Moore was told to leave Defendant's premises.

28. On 6 August, 2020, Moore was informed by phone call that she had been terminated from her position with Defendant.

29. On further opportunity for investigation and discovery, Moore believes there will be evidence to show Defendant believed Moore would require additional FMLA leave based on her cough.

## COUNT ONE: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (RETALIATION)

30. All preceding paragraphs are reasserted and incorporated herein.

31. Moore availed herself of a protected right under the FMLA when she requested medical leave following her COVID diagnosis.

32. Moore was adversely affected by Defendant's decision to fire her.

33. Defendant fired Moore shortly after she returned from job-protected FMLA leave.

34. Defendant fired Moore after learning she had a cough.

35. Upon opportunity for further investigation and discovery, Moore believes there will be evidence to show Defendant fired her because of the possibility she would require additional leave.

36. Upon opportunity for further investigation and discovery, Moore believes there will be evidence to show Defendant fired Moore to avoid granting her job-protected FMLA leave it believed she may require in the future.

37. There is a causal connection between Moore's taking of job-protected FMLA leave and Defendant's decision to fire her.

38. Defendant had no legitimate nondiscriminatory reason to fire Moore.

39. When Defendant fired Moore, it retaliated against her for using her right to medical leave under FMLA.

40. When Defendant fired Moore, it violated FMLA.

41. Defendant's violation of FMLA was not in good faith.

42. Defendant had no reasonable grounds to believe that firing Moore under these circumstances was not a violation of FMLA.

43. On opportunity for further investigation and discovery, Moore believes there will be evidence to show Defendant has an established pattern of retaliating against employees who avail themselves of FMLA benefits.

44. Defendant's unlawful retaliation against Moore injured her.

45. Under FMLA, Moore is entitled to the following as damages:

    a.    Lost wages in the form of back pay,

    b.    Lost wages in the form of front pay, or in the alternative, reinstatement as an employee of Defendant,

    c.    Interest on the amount of lost wages, calculated at the prevailing rate,

    d.    An additional amount as liquidated damages equal to the sum of lost wages and interest thereon,

    e.    The costs of this action,

    f.    A reasonable attorney fee.

46. The exact amount of Moore's damages are unknown at this time.

47. In any event, Moore's damages total more than $75,000.00.

## COUNT TWO: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## (INTERFERENCE)

48. All preceding paragraphs are reasserted and incorporated herein.

49. Moore was entitled to job-protected FMLA leave because she requested leave due to a serious health condition.

50. When Defendant terminated Moore under the assumption Moore required additional job-protected FMLA leave, Defendant engaged in an adverse employment action.

51. Defendant's adverse employment action against Moore was related to her exercise of FMLA rights, because Defendant fired Moore based on the assumption Moore required additional FMLA leave.

52. Defendant had no legitimate nondiscriminatory reason to fire Moore.

53. When Defendant interfered with Moore's exercise of her rights under FMLA, it violated FMLA.

54. Defendant's violation of FMLA was not in good faith.

55. Defendant had no reasonable grounds to believe that firing Moore to prevent granting additional job-protected FMLA leave was not a violation of FMLA.

56. Defendant's unlawful interference with Moore's exercise of her FMLA rights injured her.

57. Under FMLA, Moore is entitled to the following as damages:

    a.    Lost wages in the form of back pay,

b. Lost wages in the form of front pay, or in the alternative, reinstatement as an employee of Defendant,

c. Interest on the amount of lost wages, calculated at the prevailing rate,

d. An additional amount as liquidated damages equal to the sum of lost wages and interest thereon,

e. The costs of this action,

f. A reasonable attorney's fee.

58. The exact amount of Moore's damages are unknown at this time.

59. In any event, Moore's damages total more than $75,000.00.

WHEREFORE, Plaintiff Lakeiia Moore prays for judgment against Defendant Connexions Loyalty Acquisition, LLC for the above-referenced claims, and that the Court grant relief in an amount to be determined at trial but in any event more than $75,000.00 including prejudgment interest, liquidated damages, costs, a reasonable attorney fee, and any other relief allowable by law or which the Court deems appropriate.

RESPECTFULLY SUBMITTED

/s/ Howard Berksen
Howard Berksen, OBA No. 31482
Jakob R. Lancaster, OBA No. 34389
Boston Avenue Law PLLC
401 S. Boston Ave., Suite 500
Tulsa, OK 74103
(t) 539.777.1287 / (f) 405.509.7100
Howard@BostonAvenueLaw.com
Jakob@BostonAvenueLaw.com
***ATTORNEYS FOR PLAINTIFF***
***ATTORNEY LIEN CLAIMED***